Filed 1/14/15  P. v. Ayala CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061057 |
| v. | (Super.Ct.No. FSB06424) |
| MICHAEL ANTHONY AYALA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Anthony Ayala filed a petition for resentencing pursuant to Penal Code section 1170.126.  The court denied the petition.  After counsel filed the notice of appeal, this court appointed counsel to represent defendant.  Counsel

1

has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and identifying three potentially arguable issues:  1) whether the court abused its discretion in denying defendant's petition; 2) whether a sufficient factual basis existed for the court's denial of defendant's petition; and 3) whether a conviction for possession of a controlled substance while armed with a firearm can be classified as a violent felony.  We affirm the judgment.

PROCEDURAL HISTORY

On July 23, 1995, the People charged defendant by information with sale of a controlled substance, methamphetamine (count 1; Health & Saf. Code, § 11379, subd. (a))[1]; possession of a controlled substance, methamphetamine (count 2; § 11377, subd. (a)); carrying a dirk or dagger (count 3; Pen. Code, § 12020, subd. (a)); possession of a firearm by a felon, a .38 revolver (count 4; Pen. Code, § 12021, subd. (a)); possession of a controlled substance, methamphetamine, with a firearm, a colt revolver (count 5; § 11370.1, subd. (a)); cultivating marijuana (count 6; § 11358); possession for sale of a controlled substance, heroin (count 7; § 11351); possession of a controlled substance, heroin (count 8; § 11350, subd. (a)); being under the influence of a controlled substance, heroin (count 9; § 11350, subd. (a)); possession of a controlled substance, heroin (count 10; § 11350, subd. (a)); and possession of a controlled substance, methamphetamine (count 11; § 11377, subd. (a)).  The People additionally alleged that with respect to

_____

[1]  All further statutory references are to the Health and Safety Code unless otherwise indicated.

2

counts 1 and 7, defendant was personally armed with a firearm (Pen. Code, § 12022, subd. (c)). It was additionally alleged defendant had suffered two prior strike convictions (Pen. Code, § 667, subds. (b)-(i)) and two prior prison terms (§ 667.5, subd. (b)).

Defendant's plea agreement reflected he faced a total aggregate term of 260 years to life if convicted of all the charged offenses and allegations. Defendant pled guilty to count 5, possession of a controlled substance, methamphetamine, while armed with a colt revolver. Defendant admitted all alleged prior convictions. In return, all remaining counts, allegations, and enhancements were dismissed. As provided in the plea agreement, the court sentenced defendant to an indeterminate term of 25 years to life.

On January 14, 2014, defendant filed a Penal Code section 1170.126 petition seeking resentencing. On March 24, 2014, the court denied the petition finding that defendant's conviction for possession of drugs while armed with a firearm made him statutorily ineligible for resentencing pursuant to Penal Code section 1170.126.

## DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (Pen. Code, §§ 1170.126, subd. (e)(2), & 667, subd. (e)(2)(C)(iii) [Defendant ineligible for resentencing where, "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm . . . ."]; See *In re Champion* (2014) 58 Cal.4th 965, 1006-1007

3

[defendant in petition for writ of habeas corpus ""*bears a heavy burden initially to* plead sufficient grounds for relief, and then later to *prove* them.""].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

4